## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>        v.<br><br>PRACTICAL MARKETING, INC.,<br>a Florida corporation;<br><br>ROBERT M. DESALVO, individually and as an<br>officer and director of the corporate defendant; and<br><br>VALERIE DESALVO, individually and as an<br>officer and director of the corporate defendant,<br><br>        Defendants. | No. 3:07-cv-00685-JPG-DGW<br><br>FILED<br>NOV 0 2 2007 |

## STIPULATED ORDER FOR PERMANENT INJUNCTION AND FINAL JUDGMENT

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), has filed a

Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") pursuant to

Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), charging

Defendants Practical Marketing, Inc., Robert M. DeSalvo, and Valerie DeSalvo, with engaging in

deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and

with assisting and facilitating the commission of deceptive and abusive telemarketing acts and

practices, in violation of Sections 310.3(b) and 310.4 of the Telemarketing Sales Rule ("TSR"),

16 C.F.R. Part 310.

The Commission and Defendants Practical Marketing, Inc., Robert M. DeSalvo, and

Valerie DeSalvo, having been represented by counsel and acting by and through such counsel,

have consented to the entry of this Stipulated Order for Permanent Injunction and Final Judgment ("Order") in settlement of the Commission's Complaint against them, without a trial or adjudication of any issue of law or fact herein.

NOW, THEREFORE, the Commission and Defendants Practical Marketing, Inc., Robert M. DeSalvo, and Valerie DeSalvo, having requested the Court to enter this Order, it is hereby **ORDERED, ADJUDGED, AND DECREED**:

<b><u>FINDINGS</u></b>

1.    This is an action by the Commission initiated under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b). Pursuant to this section, the Commission has the authority to seek the relief contained herein.

2.    The Commission's Complaint states a claim upon which relief may be granted against Defendants under Sections 5(a), 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108.

3.    This Court has jurisdiction over the subject matter of this case and all parties hereto. Venue in the Southern District of Illinois is proper.

4.    The alleged activities of Defendants are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.    Defendants, without admitting the allegations set forth in the Commission's Complaint, agree to entry of this Order.

6.    Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendants further waive and release any claims any of them

may have against the Commission, its employees, representatives or agents.

7. Defendants agree that this Order does not entitle them to seek or obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, *as amended by* Pub. L 104-121, 110 Stat. 847, 863-64 (1996), and Defendants further waive any right to attorneys' fees that may arise under said provision of law.

8. Any voluntary bankruptcy petition filed by any Defendant does not automatically stay this action, which the Court finds is the "commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power," as set forth in 11 U.S.C. § 362(b)(4).

9. Any voluntary bankruptcy petition filed by any Defendant does not divest this Court of jurisdiction to enter this Order against the Defendant.

10. Entry of this Order is in the public interest.

## ORDER

### DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1. **"Account number"** means any credit or debit card number, bank account number, deposit account number, personal identification number ("PIN"), access code, or security code, needed to charge or debit a consumer's account.

2. **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), and

all cash, wherever located.

3.     **"Assisting others"** means providing goods or services to any person or entity

engaged in marketing or telemarketing, including, but not limited to: (a) preparing, printing, or

transmitting invoices; (b) recording or verifying sales solicitations; (c) performing customer

service functions, including, but not limited to, receiving or responding to consumer complaints,

obtaining or receiving identifying and financial information from consumers, and communicating

with consumers on behalf of the seller or telemarketer; (d) providing for or arranging for the

provision of mail or telephone lists; (e) preparing or providing, or causing to be prepared or

provided, telephone sales scripts or other materials for use in connection with the promotion of

products or services to consumers; (f) providing, mailing or shipping, or arranging for the

provision, mailing, or shipping, of fulfillment products or services; (g) providing or arranging for

the provision of telemarketing services; (h) providing or facilitating the means of obtaining

payment from consumers, by providing or facilitating access to the credit card or bank account

payment and collection system; (i) developing, providing, or arranging for the provision of names

of potential customers; (j) providing or arranging for the provision of post office boxes or the

services of commercial receiving agencies; and (k) performing or providing marketing services

of any kind.

4.     **"Consumer"** means any individual, group, unincorporated association, limited or

general partnership, corporation, or other business entity.

5.     **"Customer"** means any person who has paid, or may be required to pay, for

goods or services offered for sale or sold by Defendants.

6.     **"Defendant" or "Defendants"** means Practical Marketing, Inc., Robert M.

DeSalvo, and Valerie DeSalvo, and each of them, by whatever names each may be known.

7. **"Document"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

8. **"Fulfillment product or service"** means any product or service sold or provided or intended to be sold or provided to consumers.

9. **"Seller"** shall have the meaning set forth in Section 310.2(z) of the Telemarketing Sales Rule, 16 C.F.R. § 310.2(z).

10. **"Telemarketing"** means any plan, program, or campaign (whether or not covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services or the payment of money by means of the use of one or more telephones.

11. **"Telemarketer"** shall have the meaning set forth in Section 310.2(bb) of the Telemarketing Sales Rule, 16 C.F.R. § 310.2(bb).

## I. PROHIBITED PRACTICES

**IT IS THEREFORE ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them,

are permanently restrained and enjoined from:

      A.    Collecting, selling, renting, brokering, purchasing, transferring, or otherwise disclosing, consumers' account numbers, or assisting others in collecting, selling, renting, brokering, purchasing, transferring, or disclosing of consumers' account numbers, in any form, including but not limited to lists, computer tapes or other media, to, from, for, or with any unaffiliated third party for any marketing purpose. *Provided, however,* that Defendants may disclose their own customers' account numbers to others for the purpose of assisting Defendants in processing and completing a specific transaction authorized by the customer; and

      B.    Defendants agree to relinquish any list of consumers' account numbers to the FTC that is in their possession or control and to destroy all other existing copies of the lists in their possession or control, including any copies maintained in computer readable form.

## II. MONITORING REQUIREMENTS

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with collecting, selling, renting, brokering, purchasing, transferring, or otherwise disclosing any information about consumers, are permanently restrained and enjoined from:

      A.    Failing to take reasonable steps sufficient to monitor their clients' advertising and promotional materials and activities to determine the nature of the products or services being offered, the costs, terms or conditions of sale, the representations to be made to consumers, and

the truthfulness of these representations;

B.    Failing to promptly investigate fully any complaint or refund request received by Defendants, whether directly from consumers or from third parties, such as government agencies or Better Business Bureaus, regarding the business practices of Defendants' clients; notify their clients of such complaints or refund requests; determine how the complaints or refund requests will be addressed; and notify the consumer or third party from whom Defendants received the complaint or refund request of any action taken;

C.    Failing to terminate any services whatsoever to any person whom Defendants know or should know, through the procedures described in Paragraphs A or B of this Section, or otherwise, has engaged or is engaging in misrepresentations or omissions of any fact material to any consumer's decision regarding any offered transaction, billing of accounts without the consumer's express authorization, or any act or practice prohibited by Section I of this Order, until such person ceases engaging in such acts or practices; and

D.    Failing to immediately provide, by certified mail, all relevant information, including name, address, and telephone number of any person that Defendants terminate services to, pursuant to Paragraph C of this Section, to the Federal Trade Commission at the address provided in Section VII of this Order.

## III. COMPLIANCE WITH THE TELEMARKETING SALES RULE

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are permanently restrained and enjoined from:

A.      Violating or assisting others in violating any provision of the TSR, 16 C.F.R. Part 310, including, but not limited to, Sections 310.3(a), 310.3(c), 310.3(d), or 310.4, 16 C.F.R. §§ 310.3(a), 310.3(c), 310.3(d), or 310.4; and

B.      Failing to obtain and review sample scripts from any seller or telemarketer prior to renting or selling any list to that seller or telemarketer in order to ensure that the rental or sale of any such list does not assist the seller or telemarketer in violating any provision of the TSR, 16 C.F.R. Part 310, including, but not limited to, Sections 310.3(a), 310.3(c), 310.3(d), or 310.4, 16 C.F.R. §§ 310.3(a), 310.3(c), 310.3(d), or 310.4.

## IV. COOPERATION WITH FTC COUNSEL

**IT IS FURTHER ORDERED** that Defendants shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the FTC's Complaint, cooperate in good faith with the FTC and appear or cause their officers, employees, representatives, or agents to appear at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by

the FTC. If requested in writing by the FTC, Defendants shall appear or cause their officers, employees, representatives, or agents to appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

## V. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A.    Within ten (10) days of receipt of written notice from a representative of the Commission, Defendants Practical Marketing, Inc., Robert M. DeSalvo, and Valerie DeSalvo each shall submit additional written reports, sworn to or affirmed under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such Defendant's possession or direct or indirect control to inspect the business operation; *provided*, however, that upon application of the Commission and for good cause shown, the Court may enter an *ex parte* order granting immediate access to such Defendant's business premises, wherever located, for the purpose of inspecting and copying all documents relevant to any matter contained in this Order;

B.    In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

1.    Obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45; and

2.    Posing as consumers and suppliers to Practical Marketing, Inc., Robert M. DeSalvo, or Valerie DeSalvo, or Practical Marketing, Inc.'s, Robert M. DeSalvo's, or Valerie

DeSalvo's employees, or any other entity managed or controlled in whole or in part by any of them, without the necessity of identification or prior notice; and

      C.     Defendants Practical Marketing, Inc., Robert M. DeSalvo, and Valerie DeSalvo shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order.  The person interviewed may have counsel present.

      *Provided*, however, that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VI.  COMPLIANCE REPORTING BY DEFENDANTS

    **IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

      A.     For a period of five (5) years from the date of entry of this Order,

        1.     Defendants Robert M. DeSalvo and Valerie DeSalvo each shall notify the Commission of the following:

          a.     Any changes in residence, mailing addresses, or telephone numbers of such Defendant, within ten (10) days of the date of such change;

          b.     Any changes in the employment status (including self-employment) of such Defendant, and any change in the ownership interest of such Defendant in any business

entity, within ten (10) days of the date of such change.  Such notice shall include the name and address of each business that such Defendant is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of such Defendant's duties and responsibilities in connection with the business or employment; and

        c.      Any changes in such Defendant's name or use of any aliases or fictitious names; and

        2.      Defendants Practical Marketing, Inc., Robert M. DeSalvo, and Valerie DeSalvo shall notify the Commission of any changes in any Defendant or any business entity that Robert M. DeSalvo or Valerie DeSalvo directly or indirectly control(s), or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which a Defendant learns less than thirty (30) days prior to the date such action is to take place, the Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

        B.      One hundred eighty (180) days after the date of entry of this Order, Defendants Practical Marketing, Inc., Robert M. DeSalvo, and Valerie DeSalvo each shall provide a written report to the Commission, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order.  This report shall include, but not be limited to:

1.     For Defendants Robert M. DeSalvo and Valerie DeSalvo:

        a.     The then-current residence address, mailing addresses, and telephone numbers of such Defendant;

        b.     The then-current employment and business addresses and telephone numbers of such Defendant, a description of the business activities of each such employer or business, and the title and responsibilities of such Defendant, for each such employer or business; and

        c.     Any other changes required to be reported under Paragraph A of this Section.

2.     For all Defendants:

        a.     A copy of each acknowledgment of receipt of this Order, obtained pursuant to Paragraph D of Section VIII; and

        b.     Any other changes required to be reported under Paragraph A of this Section.

C.     For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

> Associate Director for Enforcement
> Federal Trade Commission
> 601 New Jersey Avenue N.W.
> Washington, D.C. 20580
> Re: *FTC v. Practical Marketing, Inc., et al.*
> Civil Action No. _____; and

D.     For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendants.

## VII.  RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, for any business where (1) a Defendant is the majority owner of the business or directly or indirectly manages or controls the business, and where (2) the business is engaged in, or assists others engaged in, telemarketing, or the sale of leads or consumer lists, Defendants, and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

A.    Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.    Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.    Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.    Complaints and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests;

E.    Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

Page 13 of 19

F.      All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order, required by Paragraph D of Section VIII, and all reports submitted to the FTC pursuant to Section VI.

## VIII.  DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendants shall deliver copies of the Order as directed below:

A.      **Defendant Practical Marketing, Inc.:**  Defendant Practical Marketing, Inc. must deliver a copy of this Order to all of its principals, officers, directors, and managers.  Practical Marketing, Inc. also must deliver copies of this Order to all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order.  For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities.

B.      **Defendant Robert M. DeSalvo or Valerie DeSalvo as Control Person:**  For any business that Defendant Robert M. DeSalvo or Valerie DeSalvo controls, directly or indirectly, or in which such Defendant has a majority ownership interest, such Defendant must deliver a copy of this Order to all principals, officers, directors, and managers of that business.  Defendant Robert M. DeSalvo or Valerie DeSalvo must also deliver copies of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order.  For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities.

Page 14 of 19

C.     **Defendant Robert M. DeSalvo or Valerie DeSalvo as Employee or Non-Control Person:**  For any business where Defendant Robert M. DeSalvo or Valerie DeSalvo is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, such Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D.     Defendants Practical Marketing, Inc., Robert M. DeSalvo, and Valerie DeSalvo must secure a signed and dated statement acknowledging receipt of this Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## IX. ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that each Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement, in the form shown on **Attachment A** to this Order, acknowledging receipt of this Order.

## X. SEVERABILITY

**IT IS FURTHER ORDERED** that the provisions of this Order are separate and severable from one another.  If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

## XI.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

**JUDGMENT IS THEREFORE ENTERED** in favor of the Plaintiff and against the

Defendants, pursuant to all the terms and conditions recited above.

**IT IS SO ORDERED.**

Dated: _____, 2007            _____
                                        United States District Judge


**SO STIPULATED:**

_____        Dated: _Sept. 27, 2007_
Guy G. Ward
Federal Trade Commission
55 W. Monroe St., Suite 1825
Chicago, IL 60603
(312) 960-5634
Fax: (312) 960-5600
Attorney for Federal Trade Commission

_____        Dated: _June 18 2007_
Steven R. Burk
211 E. Rich Avenue
DeLand, Florida 32724
(386) 738-9320
Fax: (386) 738-9319
Attorney for Defendants


_____        Dated: _____
Robert M. DeSalvo, as an officer
and director of Practical Marketing, Inc.


Page 16 of 19

## XI.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

**JUDGMENT IS THEREFORE ENTERED** in favor of the Plaintiff and against the

Defendants, pursuant to all the terms and conditions recited above.

**IT IS SO ORDERED.**


Dated:_____, 2007        _____
                                            United States District Judge


**SO STIPULATED:**


_____           Dated:_____
Guy G. Ward
Federal Trade Commission
55 W. Monroe St., Suite 1825
Chicago, IL 60603
(312) 960-5634
Fax: (312) 960-5600
Attorney for Federal Trade Commission


_____           Dated:_____
Steven R. Burk
211 E. Rich Avenue
DeLand, Florida 32724
(386) 738-9320
Fax: (386) 738-9319
Attorney for Defendants


_____ as officer   Dated: 6/18/07
Robert M. DeSalvo, as an officer
and director of Practical Marketing, Inc.

_[signature]_

Robert M. DeSalvo, individually

Dated: 6/18/07

_[signature]_

Valerie DeSalvo, as an officer
and director of Practical Marketing, Inc.

Dated: 6/18/07

_[signature]_

Valerie DeSalvo, individually

Dated: 6/18/07

**ATTACHMENT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| PRACTICAL MARKETING, INC., | ) |
| a Florida corporation; | ) |
| | ) |
| ROBERT M. DESALVO, individually and as an | ) |
| officer and director of the corporate defendant; and | ) |
| | ) |
| VALERIE DESALVO, individually and as an | ) |
| officer and director of the corporate defendant, | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF DEFENDANT ATTESTING TO RECEIPT OF
## STIPULATED ORDER FOR PERMANENT INJUNCTION AND FINAL JUDGMENT

_____, being duly sworn, hereby states and affirms as

follows:

1.       My name is _____. My current residence address is

_____. I am a citizen of

_____ [state/province and country], and am over the age of

eighteen. I have personal knowledge of the facts set forth in this Affidavit.

2.       I am a Defendant in *FTC v. Practical Marketing, Inc., et al.*, Case No. _____

(United States District Court for the Southern District of Illinois).

Page 18 of 19

3.      On _____, 2007, I received a copy of the Stipulated Order for

Permanent Injunction and Final Judgment ("Order"), signed by the Honorable

_____, and entered by the Court on _____, 2007.  A true

and correct copy of the Order that I received is appended to this Affidavit.

I declare under penalty of perjury under the laws of the United States that the foregoing is

true and correct. Executed on _____ [*date*], at _____

[*city and state/province*].


_____
[*Signature of Defendant*]


_____
[*Print Full Name*]

State/Province of _____, City of _____

Subscribed and sworn to before me

this _____ day of _____, 200 __.


_____
Notary Public
My Commission Expires:

_____

Page 19 of  19